IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 8 2011

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| JIMMY MIAOULIS AND THERESA MIAOULIS<br>Plaintiffs, | § § § § | |
| v. | § § | Civil Action No. 4:11cv242 |
| MONTGOMERY COUNTY, TEXAS.<br>Defendant. | § § § § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NOW COMES** JIMMY MIAOULIS and THERESA MIAOULIS, Plaintiffs in the above-entitled and numbered cause, files this Original Complaint and Jury Demand, and shows the Court:

### Parties

1. Plaintiff, JIMMY MIAOULIS, is an individual who is a citizen of the United States and a resident Harris County, Texas.

2. Plaintiff, THERESA MIAOULIS, is an individual who is a citizen of the United States and a resident of the State of Texas.

3. Defendant, MONTGOMERY COUNTY, TEXAS (The County) is a County of the State of Texas. The County may be served with process by serving County Judge of Montgomery County, Texas, Alan B. Sadler at 501 N. Thompson | Conroe TX 77301 (suite 401 - Fourth Floor of the Alan B. Sadler Commissioners' Court Building) and/or wherever else he may be found in the State of Texas.

### 4. Jurisdiction and Venue

1. This is a suit in law and equity, alleging violations of protected rights under the First,

1

Fourth, and the Fourteen Amendments to the Constitution of the United Stated, enforceable through Title 42, U.S.C Section 1983. Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Southern District of Texas, Houston Division, Pursuant to 28 U.S.C. Section 1391 (e). The ends of justice would best be served by maintaining venue in the district where the facts giving rise to this lawsuit occurred, where the majority of witnesses reside, and where Defendant conducts its business.

## Nature of Action

3. This is an action under 42 U.S.C. § 1983 (1996), 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, to redress and correct unlawful practices and the deprivation of rights and privileges as secured by the United States Constitution, and to redress and correct unlawful practices and the deprivation of rights and privileges as secured by the United States Constitution on the basis of race, color, and religion.

## Facts

4. By way of background, Plaintiffs are residents of Montgomery County, Texas and conduct business under the corporate name of T's Easy Vend, Inc. The Plaintiffs have conducted several businesses and own certain real properties located in both Harris and Montgomery Counties, Texas. In or about 2003, Plaintiffs owned a night club in Harris County, Texas. They sold the Night Club and deposited the $110,000 in proceeds into the bank in a joint savings account, which was eventually transferred to Amergy Bank. Having reached the maximum insured account amount, Plaintiffs opened another savings account in Amergy Bank, into which they made various deposits, including the proceeds from the sale of a Nissan 350-Z in the amount of $30,000 as well as the sale

of a 2007 Dodge Pickup Truck in the amount of $15,000.

5. Thereafter, Plaintiffs began a business involving coin operated machines and rented some of their real property. Plaintiffs leased the premises and placed Amusement Redemption coin operated machines onto the premises pursuant to a written rental/lease agreement. Plaintiffs did not participate in the day to day operations of the business; rather, they provided technical and maintenance assistance for the machines. As the Plaintiffs acquired funds from the rental of real property and their coin operated machines, they deposited those lease payments periodically into the bank.

6. Plaintiffs operated this business for several years, making periodic deposits into their Amergy Bank account. None of the proceeds which were deposition into this bank account were from the any illegal activity.

7. On or about December 15, 2009, Officers, agents and employees of the State of Texas, Department of Public Safety, Deputy Piper and others unknown at this time to Plaintiffs executed and seized property owned by Plaintiffs pursuant to a Search and Seizure Warrants which were issued on false affidavits sworn to and subscribed by Deputy Piper acting individually and as an agent/servant of the Montgomery County Sherriff's Department and The County. Deputy Piper put certain facts in such affidavits which she knew were untrue at the time she swore to the affidavits and she had no personal knowledge of such facts. As a result of the false affidavits, Plaintiff Jimmy Miaoulis was falsely arrested and is being subjected to malicious prosecution by the Montgomery county District Attorney's Office.

8. Further, property belonging to Plaintiffs was illegally seized on account of these false affidavits. The home of the Plaintiffs was illegally searched based on the false

affidavits executed by Deputy Piper and several items, including $5,790 in cash, 2-computers and several files containing business records of T's Easy Vend, Inc. as well as personal sales files, were seized. No person had been in the home in order to determine if any contraband was at the residence prior to the issuance of the search and arrest warrant. None of the items seized were contraband nor were they the product of any illegal activity.

9. Based on an Affidavit by Deputy Piper, an investigation into the operation of the "Four Aces", a gaming room establishment owned and operated by persons other then the Plaintiffs. Deputy Piper's surveillance apparently began on April 12, 2009. Deputy Piper outlined in detail her trips to this establishment. She further testified in her affidavit that Plaintiff Jimmy Miaoulis would come to the establishment on Mondays AFTER midnight; *i.e.*, after the establishment closed. Deputy Piper never testified in her Affidavit that she observed Plaintiff Jimmy Miaoulis doing anything within the establishment.

10. On October 12, 2009, Deputy Piper continued her surveillance of the "Four Aces". On that night at approximately 1:44 am, Deputy Piper followed Plaintiff Jimmy Miaoulis driving home until another Peace Officer, a Deputy Kellum pulled Plaintiff Jimmy Miaoulis over based on an undisclosed and very suspicious traffic stop. During that stop Plaintiff Jimmy Miaoulis, having nothing to hide, acquiesced to having his car searched. At that time Plaintiff Jimmy Miaoulis was asked how much money he had in his car. He stated that he had $5400.00 he picked up from the "Four Aces" and an additional $1,900.00 from another establishment, "Paradise Cove" in Huffman. Plaintiff Jimmy Miaoulis explained that he was a vendor of pool tables, juke boxes and

computerized games. Plaintiff Jimmy Miaoulis was not issued any traffic citations, or even a warning for any alleged probable cause for this suspicious traffic stop.

11. Based on these thin facts, without absolutely no evidence of these Plaintiffs being involved in any way with the operation of the "Four Aces" establishment, other than to lease legal games, Plaintiff Jimmy Miaoulis was arrested.

12. Further, the Affidavit mentions documents related to Prosperity Bank only. There is no mention of any documents relating to Amegy Bank; however, a search and seizure warrant was also issued for that establishment.

13. Even more outrageous, there are no facts or even any mention of Plaintiff Theresa Miaoulis in any document.

## Causes of Action

14. Defendant was acting under the color of state law deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States, specifically those rights secured by the First, Fifth, Fourteenth, Fifteen Amendments to the United States Constitution.

15. By causing the seizure warrants to issue without any evidence of any illegal or improper activities by the Plaintiffs, Defendant deprived Plaintiffs of their rights as stated above.

16. Further, Defendant willfully detained by arresting and transporting Plaintiff Jimmy Miaoulis from his home in Harris County, Texas to the Montgomery County Jail. Defendant had no valid, legal authority or justification to detain this Plaintiff. Plaintiff Jimmy Miaoulis was falsely imprisoned and is now being subjected to malicious prosecution.

17. Defendant seized property from Plaintiffs without probable cause and without conducting sufficient investigation into the source of the property seized. Had Defendant performed sufficient investigation, they would have learned that the Plaintiffs had Amergy savings bank accounts long before the existence of any alleged gamling places in Montgomery County, Texas. Proper investigation would have revealed these facts without the necessity of any seizure or arrest. Further, had the Defendant used any due diligence they would have determined that the Plaintiffs were not involved in any illegal activities. The seizure of the property at issue and the arrest of Plaintiff Jimmy Miaoulis violates due process as required by the Constitution of the State of Texas as well as the United States Constitution.

18. Defendant did not comply with the Provisions of the Texas Finance Code, which among other things, required any seizure warrant must be served on the Bank's Registered Agent. Rather, the Defendant simply went to a local branch of the two banks at issue (Amegy Bank and Prosperity Bank) and tendered the seizure warrants to the local officers under intimidation of arrest if the Banks did not comply with the warrants.

19. Further, Defendant forced the Banks to tender cashier's checks to the them rather than requiring the Banks to comply with to the Code of Criminal Procedure (Art. 59.12. SEIZURE OF ACCOUNTS AND ASSETS AT REGULATED FINANCIAL INSTITUTION.) which states: (b) A regulated financial institution, at the time a seizure warrant issued under Chapter 18 is served on the institution, may either:

   (1)   pay an account or tender assets held as security for an obligation owed to the institution at the time of the service of the seizure warrant; or

    (2)     transfer the depository account or assets to a segregated interest-bearing account in the name of the attorney representing the state as trustee, to remain in the account until the time has expired for an appeal from a decision of the court relating to the forfeiture of accounts or assets under Article 59.05.

20. Apparently under threat of arrest, the Defendant forced the Banks to tender cashier's checks to them before they would leave the premises.

### **Damages**

21. As a direct and proximate result of Defendant's conduct, plaintiff suffered the following damages:

    a.     General and specific damages in the amount of $5,000,000.00, and exemplary damages in the amount of $5,000,000.00, as authorized by 17 U.S.C. §504(c);

    b.     Judgment against the Defendant for the above-mentioned injuries and damages sustained by the Plaintiffs as alleged herein an amount of $5,000,000.00;

    c.     Defendant pay Plaintiffs prejudgment interest and post-judgment interest at the highest rates permitted by law;

    d.     All costs of court expended herein;

    e.     All reasonable and necessary costs incurred in pursuit of this suit;

    f.     Emotional pain;

    g.     Experts fees as the Court deems appropriate;

    h.     Inconvenience;

    i.     Mental anguish in the past;

    j.     Mental anguish in the future;

    k.     Loss of benefits.

    l.     All other relief, at law or in equity, to which Plaintiffs may be justly entitled.

## Exemplary Damages

22. Plaintiffs would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiffs. In order to punish said Defendant for engaging in unlawful practices and to deter such actions and/or omissions in the future, Plaintiffs also seeks recovery from Defendant for exemplary damages.

## Attorney Fees & Costs

23. Plaintiffs are entitled to an award of attorney fees and costs under 17 U.S.C. §505 as a prevailing party.

## Jury Trial Requested

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs requests a trial by jury.

## Prayer

24. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. General and specific damages in the amount of $5,000,000.00, and exemplary damages in the amount of $5,000,000.00, as authorized by 17 U.S.C. §504(c);

   b. Judgment against the Defendant for the above-mentioned injuries and damages sustained by the Plaintiffs as alleged herein an amount of $5,000,000.00;

   c. Defendant pay Plaintiffs prejudgment interest and post-judgment interest at the highest rates permitted by law;

   d. Reasonable attorneys' fees to the extent recoverable by law;

   e. All costs of court expended herein;

   f. All reasonable and necessary costs incurred in pursuit of this suit;

8

g. Emotional pain;

h. Experts fees as the Court deems appropriate;

i. Inconvenience;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Loss of benefits.

m. All other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _____
David C. Vuong
Federal Bar No. 633207
11205 Bellaire Blvd., Ste B-25
Houston, Texas  77072
Tel. (832) 328-4778 / Fax. (832) 351-3821
DVuong2001@yahoo.com
Attorney for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

(b) County of Residence of First Listed Plaintiff **Harris County, Tx**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Montgomery County, Tx**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

United States District Court
Southern District of Texas
FILED
JAN 18 2011
David J. Bradley, Clerk of Court

(c) Attorney's (Firm Name, Address, and Telephone Number)
David C. Vuong, The Law Offices of David C. Vuong and Associates, PC; 11205 Bellaire Blvd., Suite B-25, Houston, Texas

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  /  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine  /  PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability  /  ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle  /  ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability  /  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury  /  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting  /  ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment  /  Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  /  ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare  /  ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment  /  ☐ 540 Mandamus & Other | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other  /  ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights  /  ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1981

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 01/18/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____